UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PAUL SELLERS, JR.,

     Plaintiff,

v.                                                                           Case No. 08-14964

ROBERT MILLER and
SRF PROPERTY ROOM OFFICER,

     Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Paul Sellers, Jr., a state inmate currently incarcerated at the Michigan Reformatory in Ionia, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the court summarily dismisses the complaint.

### I.  BACKGROUND

On December 1, 2008, Plaintiff filed the instant action against Defendants Robert Miller, a state correctional employee at Saginaw Correctional Facility ("SRF") in Freeland, Michigan, and an unidentified property room officer at SRF. In his complaint and exhibits, Plaintiff alleges that someone sent him a money order for $1,500 while he was confined at SRF, which he alleges was recorded in a log book. However, when Plaintiff ordered a television, he was informed that he did not have any money in his prison account.

Plaintiff also alleges that someone ordered a typewriter for him and arranged to have the typewriter shipped to SRF.  Plaintiff claims to have proof that the typewriter was delivered to SRF, but he states that he never received it.  He no longer wants the typewriter; he desires a new color television in place of the typewriter.  He also seeks to have prison officials pay off his institutional debts and credit his prison account with $1,500.  (Pl.'s Compl. at 5.)

## II.  STANDARD

Civil rights complaints filed by a *pro se* prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2).  *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).  Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.  *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Roberts*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

In addition, "a district court may, at any time, dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil

Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

### III.  DISCUSSION

### A.  § 1983 Claim

In his complaint, Plaintiff alleges that Defendants have deprived him of personal property. An official's negligent act causing unintended loss of property is not actionable under § 1983. *See Daniels v. Williams,* 474 U.S. 327, 328 (1986). To the extent that Plaintiff is alleging an intentional deprivation of property, his claim is "appropriately characterized as a procedural due process claim." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Assoc.*, 442 F.3d 410, 433 (6th Cir. 2006), *reversed on other grounds*, 551 U.S. 291 (2007). "Procedural due process generally requires that the state provide a person with notice and an opportunity to be heard before depriving that person of a property or liberty interest." *Id.*

> Under circuit precedent, a § 1983 plaintiff can prevail on a procedural due process claim by demonstrating that the property deprivation resulted from either: (1) an "established state procedure that itself violates due process rights," or (2) a "random and unauthorized act" causing a loss for which available state remedies would not adequately compensate the plaintiff. *Macene v. MJW, Inc.,* 951 F.2d 700, 706 (6th Cir. 1991). . . .  If the plaintiff pursues the second line of argument, he must navigate the rule of *Parratt v. Taylor,* 451 U.S. 527, 539, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), which holds that a state may satisfy procedural due process with only an adequate postdeprivation procedure when the state action was "random and unauthorized." *See Macene,* 951 F.2d at 706. In *Zinermon v. Burch,* 494 U.S. 113, 128-29, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990), the Supreme Court narrowed the *Parratt* rule to apply only to those situations where predeprivation process would have been impossible or impractical. In this context, an "unauthorized" state action means that the

3

> official in question did not have the power or authority to effect the deprivation, not that the act was contrary to law.  *See id.* at 138, 110 S.Ct. 975.

*Id*.  Plaintiff is not alleging that an established state procedure violated his right to due process.  Therefore, *Parratt* and related cases apply here.  Predeprivation process would have been impossible or impractical in this case, and it appears from the facts as alleged that the complained-of acts were "random and unauthorized."  Thus, Plaintiff must prove that state post-deprivation remedies are inadequate to redress the claimed loss.  *Hudson v. Palmer,* 468 U.S. 517, 533 (1984).  The Sixth Circuit Court of Appeals has summarized the post-deprivation remedies available to state prisoners in Michigan as follows:

> [R]edress for most prisoner actions, including alleged constitutional violations, is available under the extensive process provided by Michigan state law.  Michigan provides several adequate post-deprivation remedies, including Michigan Court Rule 3.105 that allows an action for claim and deliver [sic], Mich. Comp. Laws § 600.2920 that provides for a civil action to recover possession of or damages for goods and chattels unlawfully taken or detained, and Mich. Comp. Laws § 600.6401, the Michigan Court of Claims Act, which establishes a procedure to compensate for alleged unjustifiable acts of state officials.
>
> Furthermore, as a state agency subject to the Michigan Administrative Procedures Act, Mich. Comp. Laws §§ 24.201-.403, the Department of Corrections is subject to numerous state laws relating to prisoner grievances.  Mich. Comp. Laws §§ 791.251-.255.
>
> . . .
>
> The Sixth Circuit has squarely held that the appeal of administrative decisions to the state circuit court provides an adequate remedy for violations of due process for purposes of *Parratt v. Taylor. See Blue Cross and Blue Shield v. Baerwaldt,* 726 F.2d 296, 300 (6th Cir. 1984)(Michigan Administrative Procedures Act provides ample opportunity to raise constitutional claims in state court); *cf. Tocco v. Marquette Prison Warden,* 123 Mich. App. 395, 399, 333 N.W.2d 295, 297 (1983)(judicial review

> section under Michigan Administrative Procedures Act applies to Department of Corrections administrative decisions).
>
> At least one federal court has found that these procedures "go[ ] far beyond the requirements of due process." *Branham v. Spurgis,* 720 F.Supp. 605, 608 (W.D. Mich.1989).

*Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995).  Plaintiff has failed to show that Michigan's administrative and judicial remedies are inadequate to redress the claimed wrongs.  The state remedies outlined above insure that any procedural violations which may have occurred "can be adequately reviewed and addressed under established constitutional guidelines."  *Id.* (citing *Leonard v. Wallace*, 865 F. Supp. 426, 428 (E.D. Mich. 1994)).  Because adequate state remedies were available to Plaintiff, no deprivation of property without due process resulted, and he has failed to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2); *McGore*, 114 F.3d at 604.  Accordingly, the court will dismiss Plaintiff's Complaint pursuant to § 1915(e)(2).

### B.  Pending Motion for Reconsideration

Plaintiff has a pending motion which is entitled as seeking reconsideration of an order allowing him to proceed without the prepayment of fees.  In fact, the motion appears to merely update the court of his ability, or lack thereof, to pay the $0.56 fee currently due.  At a minimum, Plaintiff's motion does not "demonstrate a palpable defect by which the court and the parties have been misled,"  E.D. Mich. LR 7.1(g)(3), and will be denied.

### IV.  CONCLUSION

5

For the reasons stated above, IT IS ORDERED that the Plaintiff's Complaint [Dkt. # 1] is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that Plaintiff's "Request for Immediate Reconsideration" [Dkt. #3] is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: January 16, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 16, 2009, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522